1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10

11   CRISTINA F.,                          )   Case No.  2:20-cv-00477-SP
12              Plaintiff,                  )
                                           )
13          v.                             )   MEMORANDUM OPINION AND
                                           )   ORDER
14   KILOLO KIJAKAZI, Acting               )
15   Commissioner of Social Security       )
     Administration,                       )
16                                         )
17              Defendant.                 )
                                           )
18   ———————————————————————

19                        **I.**

20                **INTRODUCTION**

21          On January 16, 2020, plaintiff Cristina F. filed a Complaint against

22   defendant, the Commissioner of the Social Security Administration

23   ("Commissioner"), seeking review of a denial of a period of disability, disability

24   insurance benefits ("DIB"), and supplemental security income ("SSI").  The parties

25   have fully briefed the issue in dispute, and the court deems the matter suitable for

26   adjudication without oral argument.

27          Plaintiff presents one disputed issue for decision, namely whether the

28   Administrative Law Judge ("ALJ") improperly discounted plaintiff's subjective

                                  1

1   symptom testimony.  Plaintiff's Memorandum in Support of Complaint ("P.
2   Mem.") at 5-11; *see* Defendant's Memorandum in Support of Answer ("D. Mem.")
3   at 2-6.

4       Having carefully studied the parties' memoranda, the Administrative Record
5   ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein,
6   the ALJ did not provide clear and convincing reasons to discount plaintiff's
7   testimony.  The court therefore remands this matter to the Commissioner in
8   accordance with the principles and instructions enunciated in this Memorandum
9   Opinion and Order.

10                                   **II.**

11                  **FACTUAL AND PROCEDURAL BACKGROUND**

12      Plaintiff, who was 50 years old on the alleged disability onset date, attended
13  some high school.  AR at 36 n.1, 253.  Plaintiff has past relevant work as a cashier,
14  and allegedly possesses limited English-speaking proficiency.  AR at 233-34, 243.

15      On October 31, 2016, plaintiff filed an application for a period of disability
16  and DIB, followed by an application for SSI on November 1, 2016.  AR at 254,
17  270.  Plaintiff alleges a disability onset date of September 1, 2015 due to
18  depression, anxiety, anemia, arthritis, and tinnitus.  AR at 253-54, 269-70.
19  Plaintiff's applications were initially denied on February 2, 2017.  AR at 286.

20      Plaintiff requested a hearing, which the assigned ALJ held on July 30, 2018.
21  AR at 226.  Plaintiff, represented by counsel and assisted by a Spanish language
22  interpreter, appeared and testified at the hearing.  AR at 228-43.  The ALJ also
23  heard testimony from Ronald Hatakeyama, a vocational expert.  R at 241-50.  The
24  ALJ denied plaintiff's claims on November 30, 2018.  AR at 36-52.

25      Applying the well-established five-step sequential evaluation process, the
26  ALJ found, at step one, that plaintiff has not engaged in substantial gainful activity
27  since September 1, 2015, the alleged onset date.  AR at 39.

28

1    At step two, the ALJ found plaintiff suffers from several severe

2    impairments: depression, anemia, mild right knee joint space narrowing, plantar

3    fasciitis, and chiari malformation.  *Id.*

4    At step three, the ALJ found plaintiff's impairments, whether individually or

5    in combination, did not meet or medically equal one of the listed impairments set

6    forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR at 41.

7    The ALJ then assessed plaintiff's residual functional capacity ("RFC"),[1] and

8    determined she had the RFC to perform light work, with the following limitations:

9    > The claimant is able to lift 20 pounds occasionally and 10 pounds

10   > frequently; stand 6 hours in an 8-hour workday and sit 6 hours in an

11   > 8-hour workday; occasionally climb ramps and stairs; never climb

12   > ladders, ropes, and scaffolds; occasionally balance, stoop, kneel,

13   > crouch, and crawl; frequent fingering bilaterally; be able to sit for 2-3

14   > minutes after standing for 30 to 60 minutes, and stand for 2-3 minutes

15   > after sitting for 30 to 60 minutes; use a walker to and from the

16   > workstation, but not at the workstation for balancing; avoid working

17   > outside in bright sunlight; no work with bright lights, and avoid

18   > excessive noise.  The individual can understand and follow simple

19   > instructions and directions; perform simple tasks with or without

20   > supervision; can maintain attention and concentration for simple tasks;

21   > regularly attend to a routine and maintain a schedule; can relate to and

22   > interact appropriately with co-workers and supervisors but should

23

24   ────────────

25   [1]   Residual functional capacity is what a claimant can do despite existing
     exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152, 1155-

26   56 n.5-7 (9th Cir. 1989).  "Between steps three and four of the five-step evaluation,
     the ALJ must proceed to an intermediate step in which the ALJ assesses the

27   claimant's residual functional capacity."  *Massachi v. Astrue*, 486 F.3d 1149, 1151

28   n.2 (9th Cir. 2007).

have only occasional interaction with the public.  Work should be
limited to simple tasks, involving only simple, work-related decisions
with few, if any, work place changes.  The individual can only speak
and understand simple English.

AR at 45-46.

The ALJ found, at step four, that plaintiff was unable to perform her past
relevant work as a cashier.  AR at 50.

At step five, the ALJ considered plaintiff's age, education, work experience,
and RFC, and found plaintiff could perform jobs that exist in significant numbers
in the national economy, including small products assembler, general inspector,
and office helper.  AR at 51-52.  Accordingly, the ALJ concluded plaintiff was not
under a disability, as defined in the Social Security Act.

Plaintiff filed a timely request for review, but the Appeals Council denied
the request on November 21, 2019.  AR at 1-4.  Accordingly, the ALJ's decision is
the final decision of the Commissioner.

**III.**

**STANDARD OF REVIEW**

This court is empowered to review decisions by the Commissioner to deny
benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security
Administration must be upheld if they are free of legal error and supported by
substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001)
(as amended).  But if the court determines the ALJ's findings are based on legal
error or are not supported by substantial evidence in the record, the court may
reject the findings and set aside the decision to deny benefits.  *Aukland v.
Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d
1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a

4

preponderance." *Aukland*, 257 F.3d at 1035 (citation omitted).  Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998) (citations omitted); *Mayes*, 276 F.3d at 459.  To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459.  The ALJ's decision "cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Aukland*, 257 F.3d at 1035 (internal quotation marks omitted).  If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "may not substitute its judgment for that of the ALJ." *Id.* (internal quotation marks omitted).

## IV.

## DISCUSSION

Plaintiff argues the ALJ failed to provide specific, clear, and convincing reasons for rejecting her subjective symptom testimony.  P. Mem. at 5.  Plaintiff contends the ALJ's only reason – that her testimony was inconsistent with the objective medical evidence – is insufficient under the law.  *Id.* at 10-11.  Defendant maintains the ALJ listed several reasons for discounting plaintiff's testimony, including her inconsistent statements and a lack of supporting objective medical evidence.  *See* D. Mem. at 2-4.

As an initial matter, the court looks to Social Security Ruling ("SSR") 16-3p for guidance on evaluating plaintiff's alleged symptoms.  SSR 16-3p rescinded and superseded SSR 96-7p and applies to decisions made on or after March 28, 2016.  SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017).  "Although SSRs do not have the same force and effect as statutes or regulations, they are binding on all components of the Social Security Administration."  *Id.* (citing 20 C.F.R.

1   § 402.35(b)(1)).

2        In adopting SSR 16-3p, the Social Security Administration sought to "clarify

3   that subjective symptom evaluation is not an examination of an individual's

4   character." *Id.* at *2.

5        [SSR 16-3p] makes clear what our precedent already required: that

6        assessments of an individual's testimony by an ALJ are designed to

7        evaluate the intensity and persistence of symptoms after the ALJ finds

8        that the individual has a medically determinable impairment(s) that

9        could reasonably be expected to produce those symptoms, and not to

10       delve into wide-ranging scrutiny of the claimant's character and

11       apparent truthfulness.

12   *Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (internal quotation

13   marks and alterations omitted).

14        To evaluate a claimant's symptom testimony, the ALJ engages in a two-step

15   analysis.  *Christine G. v. Saul*, 402 F. Supp. 3d 913, 921 (C.D. Cal. 2019) (quoting

16   *Trevizo*, 871 F.3d at 678).  First, the ALJ must determine whether the claimant

17   produced objective medical evidence of an underlying impairment that could

18   reasonably be expected to produce the symptoms alleged.  *Id.*  Second, if the

19   claimant satisfies the first step, and there is no evidence of malingering, the ALJ

20   must evaluate the intensity and persistence of the claimant's symptoms and

21   determine the extent to which they limit her ability to perform work-related

22   activities.  *Id.*  In assessing intensity and persistence, the ALJ may consider: a

23   claimant's daily activities; the location, duration, frequency, and intensity of the

24   symptoms; precipitating and aggravating factors; the type, dosage, effectiveness,

25   and side effects of medication taken to alleviate the symptoms; other treatment

26   received; other measures used to relieve the symptoms; and other factors

27   concerning the claimant's functional limitations and restrictions due to the

28

6

symptoms.  *Id.* (citing 20 C.F.R. § 416.929; SSR 16-3p, 2017 WL 5180304, at *4; *Smolen v. Chater*, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996)).  If the ALJ rejects the claimant's subjective symptom statements at step two, the ALJ must provide "specific, clear, and convincing" reasons, supported by substantial evidence in the record, for doing so.  *Id.* at 921, 929.

Here, at the first step, the ALJ found plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged.  AR at 50.  At the second step, the ALJ discounted plaintiff's testimony.  *Id.*  Because plaintiff cleared step one and the ALJ found no evidence of malingering, the ALJ's reasons for discounting plaintiff's testimony had to be specific, clear, convincing, and supported by substantial evidence.

In discounting plaintiff's testimony, the ALJ set forth the standard to be followed in considering a claimant's symptoms, recounted plaintiff's pertinent testimony regarding her symptoms, and provided a thorough discussion of the medical evidence in the record, including plaintiff's treatment history and the medical opinions.  AR at 46-50.  The ALJ then concluded that while plaintiff's impairments could cause her alleged symptoms, her "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."  AR at 50.  The ALJ gave no clear indication what "other evidence" in the record the ALJ found to be inconsistent with plaintiff's testimony.

Where an ALJ rejects a claimant's testimony, the ALJ must "specifically identify the testimony [from the claimant] that she or he finds not to be credible and . . . explain what evidence undermines the testimony."  *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting *Holohan*, 246 F.3d at 1208).  The ALJ here explicitly found the medical evidence to be inconsistent with

plaintiff's symptom testimony, but plaintiff argues there was no "logical bridge" between the testimony the ALJ found unsupported and the evidence that undermines it.  P. Mem. at 9 (citing *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003)); *see Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (ALJ must identify which of claimant's statement are found not credible and why).  While the lines between plaintiff's testimony and the inconsistent medical evidence here might have been more explicitly drawn, on balance the court finds the ALJ's juxtaposition of plaintiff's testimony and the inconsistent medical evidence to have been sufficiently clear for the court to evaluate.  *See* AR at 46-49.  But this is not enough.

The lack of objective medical evidence to support allegations of limitations is a factor that may be considered when evaluating the testimony, but it is insufficient by itself.  *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (lack of corroborative objective medicine may be one factor in evaluating subjective symptom testimony); *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (an ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain"); *accord Christine G.*, 402 F. Supp. 3d at 923.  Here, the ALJ only clearly cited lack of supporting medical evidence as a reason to discount plaintiff's testimony.

Defendant points to inconsistent statements by plaintiff that the ALJ noted elsewhere in the decision and might have been a basis used by the ALJ to discount plaintiff's testimony.  *See* D. Mem. at 3.  But it is not at all clear that the ALJ in fact relied on any of these in discounting plaintiff's testimony.  For example, defendant points to a footnote in the ALJ's decision that notes inconsistencies in the record regarding plaintiff's English language abilities (*see* AR at 36 n.1); however, it is unclear whether the ALJ relied on this inconsistency in discounting

plaintiff testimony and, if so, what aspect of plaintiff's testimony this would undercut.  To the extent this might go to plaintiff's credibility generally, it would seem to go against the new SSR, which urges SSA judges "not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness."  *Trevizo*, 871 F.3d at 678 n.5.  The ALJ also pointed to plaintiff's testimony that she no longer had a desire to work after her mother died as inconsistent with her testimony she was unable to return to work due to a knee problem.  AR at 42.  But even if the ALJ relied on this in discounting plaintiff's testimony – and again, this is not apparent – there is not necessarily anything inconsistent in being unable to work due to a knee problem and also having no desire to work due to mental health issues.

In short, the only reason the ALJ articulated for discounting plaintiff's testimony was that her subjective symptoms were not supported by the objective medical evidence.  By itself, this was not a clear and convincing reason.  The ALJ therefore erred in discounting plaintiff's testimony.

## V.

## REMAND IS APPROPRIATE

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  It is appropriate for the court to exercise this discretion to direct an immediate award of benefits where: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinions; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."  *Garrison* v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014) (setting forth three-part credit-as-true standard for remanding with

instructions to calculate and award benefits).  But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find a plaintiff disabled if all the evidence were properly evaluated, remand for further proceedings is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).  In addition, the court must "remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled.  *Garrison*, 759 F.3d at 1021.

Here, as set forth above, remand is appropriate because there are outstanding issues that must be resolved before it can be determined whether plaintiff is disabled.  The ALJ must reconsider plaintiff's testimony and either credit her testimony or provide clear and convincing reasons to reject it.  The ALJ must then reassess plaintiff's RFC, and proceed through steps four and five to determine what work, if any, plaintiff is capable of performing.

## VI.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

DATED: September 30, 2021

SHERI PYM
United States Magistrate Judge